## PEOPLE v. MacINTOSH

CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—IMPEACHMENT OF DEFENDANT.

> Defendant charged with armed robbery who testifies at his trial only to establish a speech defect may not properly be cross-examined as to prior convictions, where such examination would not be for the purpose of attacking his credibility but to attack his character, which had not been put in issue by defendant (CL 1948, § 617.63).

Appeal from Oakland, Ziem (Frederick C.), J. Submitted Division 2 December 5, 1968, at Lansing. (Docket No. 4,480.)   Decided December 19, 1968. Rehearing denied February 21, 1969.   Application for leave to appeal filed March 29, 1969.

Daniel Robert MacIntosh was convicted of robbery armed.   Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Martin L. Boyle,* for defendant.

PER CURIAM.   Defendant's jury trial resulted in his conviction of robbery armed, MCLA § 750.529

---

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses §§ 625, 687.

(Stat Ann 1968 Cum Supp § 28.797); he was sentenced and he appeals.

At trial defendant took the stand and testified but only to establish a speech defect. He gave no testimony on direct examination relating to the crime. During cross-examination of defendant, the prosecuting attorney was permitted, over objection, to question defendant with respect to prior convictions. Defendant concedes that the statute, MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158), permits such cross-examination to draw in question the credibility of defendant, but defendant contends such was not the purpose here.

A review of the trial transcript convinces this Court that the cross-examination of defendant with respect to his past convictions was not for the purpose of attacking his credibility. It was done to attack his character, which had not been put in issue by defendant. This practice is reversibly erroneous. *People* v. *Boske* (1922), 221 Mich 129.

Reversed and remanded for new trial.

T. G. Kavanagh, P. J., and Quinn and Miller, JJ., concurred.